UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROMACK RESOURCE SOLUTIONS, LTD., | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:22-CV-1825-X |
| v. | § § | |
| ADVANCED TECHNOLOGY INNOVATIONS, LLC, | § § § | |
| *Defendant*. | § § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Romack Resource Solutions, Ltd. ("Romack") sued Defendant Advanced Technology Innovations, LLC ("Advanced Technology") for breach of their Professional Services Agreement. [Doc. 6 at 1]. Having already obtained the clerk's default on liability [Doc. 10], Romack now seeks a default judgment against Advanced Technology that includes a damages award [Doc. 11]. For the reasons below, the Court **GRANTS** the motion for default judgment.

**I. Background**

Romack is a Texas-based company that provides IT staffing, search services, contractor payrolling, IT security staffing, and marketing analytics services. Romack and Advanced Technology signed a Professional Services Agreement, requiring Romack to provide services to Advanced Technology for payroll services, computer programming, healthcare, and financial services related to payroll. Romack invoiced Advanced Technology weekly. Advanced Technology paid $28,000 but did not pay

1

the remaining $91,267.20 owed on the invoices by the time Romack sued. Advanced Technology did not respond to the lawsuit or the motion for default judgment.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well-pled allegations in a complaint.[1]

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, the Court examines whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice;

---

[1] *See, e.g., Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (recognizing that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

[2] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

(3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3]  Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted and finds Advanced Technology not to be incompetent or a minor.  While Rule 55 allows for hearings, it does not command them.  Here, Romack served Advanced Technology a copy of the complaint, notifying it of its duty to respond.  It has yet to respond.  Romack's motion is supported by an affidavit on damages.  As a result, a ruling without a hearing is proper.

#### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because Advanced Technology has not filed any responsive pleading. Second, regarding substantial prejudice, Advanced Technology's failure to respond could bring adversarial proceedings to a halt and substantially prejudice Romack, but not itself.  Third, Advanced Technology's continual failure to respond or participate in this litigation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, there is no reason to believe Advanced Technology is acting under

---

[3] *Id.*

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

a good faith mistake or excusable neglect. Fifth, regarding the harshness of a default judgment, the judgment would grant a remedy prescribed by law for breach of contract: unpaid invoices and attorney's fees.[5]

The sixth issue is whether the Court would grant a motion to set aside the default. The pleadings, the lack of response, and, consequentially, the failure to plead a meritorious defense indicate a lack of good cause for the Court to set aside the default judgment. The only issue the Court sees is whether it has personal jurisdiction over Advanced Technology. In the agreement, Advanced Technology agreed "to be subject to the personal jurisdiction of any court of competent subject matter jurisdiction within the State of Texas, County of Dallas."[6]

Thus, the Court concludes a default judgment is appropriate under these circumstances.

### B. Sufficiency of Romack's Complaint

Next, the Court must assess the merits of Romack's claim considering its complaint. Although Advanced Technology, by virtue of its default, is deemed to have admitted Romack's well-pled allegations, the Court must nonetheless review the complaint to determine whether it establishes a viable claim for relief.[7] The elements of a breach-of-contract claim in Texas are (1) the existence of a valid contract between the parties, (2) the plaintiff's performance (or tender of performance), (3) the

---

[5] TEX. CIV. PRAC. & REM. CODE § 28.005. The parties specified in the agreement that Texas law governs any dispute.

[6] Doc. 6-1 at 7.

[7] *Nishimatsu*, 515 F.2d at 1206.

4

defendant's breach, and (4) the plaintiff's damage resulting from the breach.[8]

Here, Romack alleges the parties entered into the Professional Services Agreement and attached it to the complaint. Romack next alleges it performed under the contract, invoiced Advanced Technology for its services, and attached the invoices to the complaint. Romack alleges Advanced Technology breached by paying only $28,000, leaving $91,267.20 unpaid at the time of the complaint. So Romack alleges its damages are the unpaid invoice amounts and attorney's fees. Accordingly, Romack has pled quite well its breach claim.

## C. Damages

Romack attached an affidavit to its default-judgment motion specifying that it seeks: (1) $91,267.20 in damages for unpaid invoices; (2) $350 in costs, (3) $12,792.50 in attorney's fees.[9] The damages amount is also the amount Romack substantiated in its complaint with attached invoices and a balance sheet. So #1 looks good. The problem is #2 and #3. Neither the motion nor the affidavit specifies where those amounts came from. The Court assumes the cost is the filing fee. But courts aren't supposed to assume. In any event, the procedure for costs and fees in federal court is for the plaintiff to file a bill of costs after there is a final judgment and to file a motion for attorney's fees within 14 days of the entry of a final judgment.[10] The clerk taxes costs, and the Court orders fees. Romack's fee motion must be substantiated

---

[8] *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.—Houston [1st Dist.] 2002, pet. denied).

[9] Doc. 11-4.

[10] *See* FED. R. CIV. PROC. 54(d).

by a declaration showing the hourly rate, hours worked, what the work was for, and how the hourly rate and hours worked were reasonable given the context of the case.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Romack's motion for default judgment against Advanced Technology. The Court awards Romack actual damages in the total amount of $91,267.20. By separate order, the Court will issue a final judgment. The Court further **ORDERS** Romack to file a bill of costs and a motion to recover attorney's fees within 14 days.

**IT IS SO ORDERED** this 15th day of March, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE